**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4503**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARC LEE WERTZ,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00135-TDS-1)

─────────────

Submitted:  December 20, 2012       Decided:  December 26, 2012

─────────────

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Lee Wertz appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Wertz's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising two issues: (1) whether the district court abused its discretion in revoking his supervised release, and (2) whether his sentence was unreasonable. For the reasons that follow, we affirm.

First, we review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion, United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Here, we find none. To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence, 18 U.S.C. § 3583(e)(3) (2006), and here Wertz admitted committing new crimes while on release. Wertz's convictions on state drug charges provided the factual basis to support the revocation.

Second, we will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438-39. In this initial inquiry, we take

2

a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements of the Sentencing Guidelines and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Moulden, at 656–57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We have reviewed the record and conclude that Wertz's sentence is within the prescribed sentencing range and is not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and sentence. This court requires that counsel inform his client,

3

in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED